# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                                     **PLAINTIFF**
**ADC #106563**

v.                             **Case No. 4:22-cv-00619-KGB**

**T HARRISON,** *et al.*                                                          **DEFENDANTS**

## ORDER

Before the Court is United States Magistrate Judge Joe J. Volpe's Recommended Disposition ("Recommendation") submitted on August 10, 2022 (Dkt. No. 12). Judge Volpe recommends that this Court dismiss without prejudice plaintiff Michael Otis Robertson's complaint because Mr. Robertson has failed to pay the filing fee of $402.00 (*Id.*). According to the Recommendation, Mr. Robertson is a "three-striker" within the meaning of 28 U.S.C. § 1915(g) and does not qualify to proceed *in forma pauperis* in the instant litigation because he has not demonstrated that he is in imminent danger of serious injury (*Id.*). Mr. Robertson filed timely objections on August 18, 2022 (Dkt. No. 14). In his objections, Mr. Robertson explained that this case stemmed from: (1) defendant Joseph Austin hitting Mr. Robertson "with a close[d] fist" on Mr. Robertson's head and choking Mr. Robertson several times, and (2) defendant T. Harrison unprovokedly spraying Mr. Robertson with pepper spray, producing a genital rash (*Id.*, ¶¶ 1–2). Mr. Robertson's objections also allege that Sheriff Eric Higgins is allowing Mr. Austin to "come around [Mr. Robertson] and hurt [Mr. Robertson]" (*Id.*, ¶ 8). For the reasons stated below, the Court declines to adopt the Recommendation.

The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). This statute provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state

a claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." *Id.* The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding *in forma pauperis.*

In the Eighth Circuit "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.* The Eighth Circuit has concluded that:

> the imminent-danger-of-serious-physical-injury standard [is] satisfied when an inmate allege[s] that prison officials continue[] to place him near his inmate enemies, despite two prior stabbings. . . , and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions. . . .

*Id.* (internal citations omitted).

Giving Mr. Robertson's complaint and response to the Recommendation the liberal construction owed to all *pro se* plaintiffs, the Court reads his complaint and objections to the Recommendation to state that he is in imminent danger (Dkt. No. 14, ¶ 8). *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court finds the most support for its conclusion that Mr. Robertson alleges imminent danger by looking to the eighth paragraph of his response (*Id.*). There, Mr. Robertson states: "Sheriff Eric S. Higgins also letting these same officer[sic] like Austin come around me and hurt me. I already got a lawsuit against Austin[;] this is the second time he put his hands on plaintiff" (*Id.*). This allegation that Austin continues to "come around" and "hurt" Mr. Robertson coupled with Mr. Robertson's allegations that he suffers injuries "right now" on his head and on his penis, in this Court's view, satisfies a showing of imminent danger of serious physical injury (*Id*, ¶¶ 1–2, 8). *See generally Martin*, 319 F.3d at 1050.

In the light of *Martin* and the facts alleged by Mr. Robertson, the Court declines to adopt the Recommendation and orders Mr. Robertson to file an amended complaint within 30 days of the entry of this Order, up to and including Monday, May 1, 2023.  In that amended complaint, Mr. Robertson must provide additional factual detail explaining how Mr. Austin continues to "come around . . . and hurt" him and any other allegations as to the alleged imminent danger of serious physical injury.  Should Mr. Robertson fail to provide an amended complaint by May 1, 2023, this Court may dismiss his complaint without prejudice for failure to prosecute pursuant to Local Rule 5.5(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

It is so ordered this 31st day of March, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge